occupation of the premises prior to the issuing of the warrant; that, while an agreement may be made which will serve to take a lease out of the operation of this section, it must be an agreement having that end as its manifest object; and that the usual and formal provision for re-entry on default, which antedates in its use the adoption of summary proceedings, is not in itself a sufficient manifestation of such an intention. The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur, except JENKS, J., who takes no part.

---

KEEFE et al. v. SUPREME COUNCIL OF CATHOLIC MUT. BEN. ASS'N.

(Supreme Court, Appellate Division, Fourth Department. May 22, 1900.)

1. LIFE INSURANCE—ACTION ON POLICY—QUESTIONS FOR JURY.
   In an action on a life policy, where the company defended on the ground that the insured had made false answers in his application as to whether he had ever used intoxicants to excess, or to the extent of impairing his health, it is for the jury to determine whether or not his use had been excessive, or so as to impair his health.

2. SAME—EVIDENCE.
   In an action on a life policy on the issue of whether or not insured had made true answer in his application as to the cause of his sister's death, it is error to permit the clerk of the town where she died to read the cause of death from a certificate filed in his office by her physician.

3. SAME—REPRESENTATIONS—GOOD FAITH—EVIDENCE.
   In an action on a life policy, where the company claims that insured made false statements in his application as to the cause of a deceased sister's death, such application not being made a part of the policy, the statements therein were representations, and not warranties, and testimony that insured was informed by members of his family that his sister had died of a disease other than the disease of which she died is competent as bearing on the issue of his good faith.

4. SAME—ACTION ON POLICY—EVIDENCE.
   In an action on a life policy, where the company claimed that insured made false statements in his application as to the cause of a deceased sister's death, it is competent, though such statements be regarded only as representations, to show the disease of which she died.

Action by Mary A. Keefe and another against the Supreme Council of the Catholic Mutual Benefit Association. There was a judgment in favor of defendant, and plaintiff's exceptions were ordered heard before the appellate division in the first instance. Exceptions sustained.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and WILLIAMS, JJ.

James M. E. O'Grady, for appellants.
John J. Hynes and C. J. Church, for respondent.

SPRING, J. The defendant is a co-operative life insurance association, and James Keefe was a member of the same, holding a certificate of insurance issued to him February 2, 1895, whereby the defendant agreed to pay $2,000 in case of his death while a member of defendant. One-half was to be paid to his wife, Mary A., and the other to his infant daughter, Margaret M., and they have joined in

this action as plaintiffs. Keefe died December 13, 1895, while a member of the defendant, and his beneficiaries began this action January 16, 1897, to recover the amount of the certificate or policy. The defense is that Keefe made misstatements in his application for insurance, and also to the medical examiner. He was asked: "To what extent do you use intoxicating liquors? None. * * * Have you ever used them to excess, or to the extent of impairing your health? No." Keefe at one time was an occasional drinker, but at the time the application was made there was proof that he was entirely free from the use of intoxicating liquors, and the jury would have been warranted in so finding; and it was also for the jury to say whether his use of them had ever been excessive, "or to the extent of impairing his health." He also stated that his sister died of uterine trouble. The defendant produced the town clerk of the town where she died, who was permitted to read from the certificate of the physician who attended her at the time of her death, and which certificate was on file in the office of the town clerk, stating she died of phthisis pulmonalis. The certificate possibly may have been admissible had it been offered in evidence, but the manner pursued was not the proper way to prove the record. The plaintiffs sought to show that the insured was informed by members of his family who ought to have known the disease of which the sister died that she was afflicted with female trouble, but this testimony was excluded. In construing a certificate and medical examiner's report of this same defendant, and in form identical with this one, it was held by this court, in Fitzgerald v. Supreme Council, 39 App. Div. 251, 56 N. Y. Supp. 1005, that the statements in response to the inquiries therein contained were not warranties, but representations, as they were not embodied in or made a part of the certificate of insurance. That case is decisive of the present one on the main questions involved. This determination makes the good faith of the insured a pertinent issue in the case, and proof tending to show his knowledge of his sister's affliction is competent upon that issue. As was held when the case was in this court on a former appeal (37 App. Div. 276, 55 N. Y. Supp. 827), this proof only bears upon the good faith of Keefe. Of course, it is proper and important to show by competent proof the disease of which the sister died.

Plaintiffs' exceptions are sustained, and a new trial granted, with costs to the plaintiffs to abide the event. All concur.

---

### In re POTTER'S ESTATE.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

TAXATION—TRANSFER TAX—POWERS—PROPERTY LIABLE.

    Where testator, dying in 1877, established a trust in his daughter's favor, and directed that at her death the property should be divided among her issue, but gave her a power of appointment by will, and the daughter died in 1898, leaving sons and daughters, and directed that the property